IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-ct-03190-BO

KENNETH RAY JENKINS,            )
                                )
            Plaintiff,           )
                                )
    v.                          )           ORDER
                                )
WILSON COUNTY JAIL, et al.      )
                                )
            Defendants.          )

On June 25, 2019, Kenneth Ray Jenkins ("plaintiff"), then a state-pretrial detainee, filed pro se this complaint under 42 U.S.C. § 1983. See Compl. [D.E. 1]. Plaintiff proceeds without prepayment of fees. See [D.E. 2, 8]. On July 29, 2019, plaintiff moved to amend his complaint [D.E. 10]. Plaintiff also filed various letters inquiring about the status of his case, seeking to raise additional claims, and requesting appointment of counsel. See, e.g., [D.E. 6, 9, 11, 12, 13, 14, 15].

Plaintiff may amend his complaint once as a matter of course. See Fed. R. Civ. P. 15(a)(1). Plaintiff's filings, however, are not a model of clarity. Although the court liberally construes filings of pro se litigants, Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), there are limits to which the court may go in dealing with such filings, see Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of *pro se* complaints are not, however, without limits."). Plaintiff must particularize his allegations by filing one amended complaint; the court declines to sift through plaintiff's earlier filings to identify stray claims.

The amended complaint should comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of

the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff should state precisely whom he seeks to name as defendants, connect defendants with the conduct that resulted in the alleged constitutional violations, and avoid unnecessary details. Plaintiff should briefly mention specific events and correlating dates which are the basis for suit and the constitutional rights purportedly violated. Any amended complaint will be subject to initial review, see 28 U.S.C. § 1915A, and to severance of claims, if necessary, see Fed. R. Civ. P. 18(a), 20(a)(2).

To the extent plaintiff seeks appointment of counsel, see [D.E. 13], no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see also Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and plaintiff's abilities do not present the requisite exceptional circumstances.

In sum, the court: DENIES plaintiff's request for appointment of counsel [D.E. 13]; GRANTS plaintiff's motion to amend [D.E. 10]; and DIRECTS the clerk to send plaintiff forms to file an amended complaint. Plaintiff shall file his amended complaint no later than February 7, 2020. The court further WARNS plaintiff that failure file an amended complaint in the time permitted by this order may result in the dismissal of this action without prejudice for failure to prosecute.

SO ORDERED, this 22 day of January 2020.

TERRENCE W. BOYLE
Chief United States District Judge