IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CT-03190-BO

| KENNETH RAY JENKINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| WILSON COUNTY JAIL, et al. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

On June 25, 2019, Kenneth Ray Jenkins ("plaintiff"), then a pretrial detainee proceeding *pro se* and without prepayment of fees filed a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 8]. On January 22, 2020, the court issued an order that, among other things, granted plaintiff's motion to amend. Order [D.E. 16]. On January 31, 2020, plaintiff timely filed an amended complaint. Am. Compl. [D.E. 17]. Pursuant to 28 U.S.C. § 1915A, the court now conducts its initial review of the complaint, as amended and, for the reasons discussed below, allows the action to proceed in part.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

### Plaintiff's Claims:

In his amended complaint, plaintiff generally alleges violations of his First and Fourteenth Amendment rights as a pretrial detainee due to unsanitary conditions at Wilson County Detention Center ("Detention Center") between September 2018 and January 2020. Am. Comp. [D.E. 17] at 5. Plaintiff names as defendants: the Wilson County Sheriff's Department; Wilson County Sheriff Calvin Woodard ("Sheriff Woodard"); Detention Center Lieutenant Jones ("Jones"); and Detention Center Officer Isreal ("Isreal"). Id. at 3–4.

2

Plaintiff contends that he suffered from unsanitary living conditions at the Detention Center due to defendants' neglect. Id. at 5. Plaintiff specifically complains: defendant Woodard "failed to uphold his duty towards accountability [sic]" and answered only one "out of a multitude of complaints"; defendant Israel "maintained intolerance toward pretrial detainees" and "utilized collegiality to hide misconduct and ability to report matters [sic]"; defendant Jones "tacitly went along with collegiality to hide misconduct and ability to report matters [sic]"; and that Nurse Woody and Head Nurse Dawn both "refused to identify [themselves] for proper reporting and participated with other staff utilizing collegiality to hide misconduct and ability to seek assistance [sic]." Id.

Plaintiff notes that he entered the Detention Center on August 28, 2018, and, although he initially was in the general population, plaintiff was moved to a suicide prevention cell from approximately September 5 to September 9, 2018. Id. at 6. Plaintiff contends that, in both the suicide prevention cell and in the general population, there was 1) feces on the wall and floors where plaintiff both laid and ate, and 2) "green bacteria" on his food trays. Id. Plaintiff alleges that, due to these unsanitary conditions at the Detention Center, "and the cumulative effect of staff obstructing my ability to report the matter and utilizing collegiality, ignoring the right to report the matter to clean and to seek medical attention [sic]," he contracted a Helicobacter Pylori infection and required surgery. Id. at 6–7. Plaintiff asserts he suffers medical consequences due to the infection. Id. at 7.

For relief, plaintiff seeks: an injunction to sanitize, and to "allow the N.C. Department of Environment and Quality to thoroughly inspect," the Detention Center; a permanent injunction to provide cleaning supplies daily of the Detention Center; monetary damages; and "to be provided the same health insurance provider and coverage as Wilson County Sheriff department filing fees and coverage paid by the decedents, for life [sic]." Id. at 8.

3

## Discussion:

As an initial matter, the court discerns no First Amendment component to plaintiff's complaint. As to plaintiff's Fourteenth Amendment claim, Courts evaluate the confinement conditions of pretrial detainees under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2475 (2015). As a practical matter, however, this Due Process Clause analysis is materially indistinguishable from an Eighth Amendment analysis. See Brown v. Harris, 240 F.3d 383, 388–89 (4th Cir. 2001).

To make out a prima facie case that prison conditions violate the Eighth Amendment, "a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). "[T]he first showing requires the court to determine whether the deprivation of the basic human need was objectively sufficiently serious." Id. (emphasis and quotation omitted). The second showing "requires [the court] to determine whether subjectively the officials acted with a sufficiently culpable state of mind." Id. (emphasis, alteration, and quotation omitted). To satisfy the second, subjective showing, a plaintiff must prove that the official acted with deliberate indifference. See id.; Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

Plaintiff's amended complaint, liberally construed, asserts that Sheriff Woodard was actually aware of plaintiff's grievances regarding these allegedly execrable conditions of confinement but took no action. Accordingly, plaintiff's Fourteenth Amendment claim as to Sheriff Woodard is not clearly frivolous. Plaintiff's claims, however may not proceed against the remaining defendants.

4

First, the Wilson County Sheriff's Department is not a proper defendant because a sheriff's department is not a person "acting under color of state law." West, 487 U.S. at 48; see Cooper v. Brunswick Cty. Sheriff's Dep't, No. 7:10-CV-14-D, 2011 WL 738610, at *4 & n.2 (E.D.N.C. Feb. 7, 2011) (unpublished) (collecting cases holding that North Carolina county "sheriff's departments lack the capacity to be sued in in the federal courts of this state"), report and recommendation adopted, 2011 WL 736670 (E.D.N.C. Feb. 23, 2011) (unpublished); accord Parker v. Bladen Cty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008).

Next, the court turns to plaintiff's bald allegations that defendants Isreal and Jones "maintained intolerance toward pretrial detainees" and/or "utilized collegiality to hide misconduct and ability to report matters [sic]." Am. Compl. [D.E. 17] at 5. These claims constitute mere "labels and conclusions" that are inadequate to survive initial review. See Twombly, 550 U.S. at 555 (noting "[f]actual allegations must be enough to raise a right to relief above the speculative level"); Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); see also De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (noting that, to survive initial review, a plaintiff's Eighth Amendment claim must plausibly allege "(1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently culpable state of mind." (quotation and alterations omitted)). To the extent plaintiff also seeks to raise claims against Nurse Woody and Head Nurse Dawn, see Am. Compl. [D.E. 17] at 5, these bald assertions fail for the same reason.

Finally, the court finds that plaintiff's requests for injunctive relief at the Detention Center were mooted by plaintiff's intervening conviction and subsequent incarceration in the North Carolina Department of Public Safety. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s

5

a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." (citation omitted); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (a prisoner's transfer mooted his request for declaratory and injunctive relief but not as to monetary damages). Because there is no indication that plaintiff will return the Detention Center, and because plaintiff has not shown a "real and immediate threat" of repetition of the alleged violations at the Detention Center, the court does not discern that any exception to the mootness doctrine applies. Cf. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Williams v. Ozmint, 716 F.3d 801, 809–10 (4th Cir. 2013).

## Conclusion:

For the reasons discussed above, the court: ALLOWS TO PROCEED plaintiff's Fourteenth Amendment claim against defendant Sheriff Woodard; DISMISSES as a defendant the Wilson County Sheriff's Department; DISMISSES WITHOUT PREJUDICE Isreal and Jones as defendants; DENIES plaintiff's requests for injunctive relief; DIRECTS the United States Marshals Service to make service on defendant Sheriff Woodard pursuant to 28 U.S.C. § 1915(d); and DIRECTS the clerk to continue management of the case.

SO ORDERED, this 7 day of October 2020.

TERRENCE W. BOYLE
Chief United States District Judge